## Richmond Insurance Company v. Zettwoch, et al.

(Decided October 5, 1926.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Insurance.—Insurance Company, which Ordered Fire Policy Canceled, Held Not Liable for Loss After Cancellation, though Insured Retained Canceled Policy by Mistake.—Insurance company, which ordered fire policy canceled, held not liable for loss after cancellation with consent of insured and substitution of another policy by local agents, though insured retained canceled policy and returned substituted policy to agents by mistake.

2. Insurance.—Insurance Company, whose Fire Policy was Stamped "Canceled" and Sent to Head Offices by Mistake, Held Liable for Subsequent Loss.—Insurance company, whose fire policy was stamped "Canceled" and sent to head offices by mistake, held liable for subsequent loss; policy being in full force and effect, since there was no meeting of minds in cancellation.

FRANK M. DRAKE and BRUCE, BULLITT, GORDON & LAURENT for appellant.

L. S. LEOPOLD and H. H. HUFFAKER for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee, Zettwoch, took out a policy of fire insurance for $1,500.00 on a building in Louisville, which later burned, and he instituted an action for the amount of the loss against the appellant, Richmond Insurance Company, and also against the United Firemen's Insurance Company. These actions were later consolidated and heard together, judgment being rendered in favor of Zettwoch against the appellant, Richmond Insurance Company, and dismissed as to the United Firemen's Insurance Company, and the Richmond Insurance Company appeals.

The admitted facts are set forth in a substituted answer and cross-petition of appellant, and are in substance as follows: Gibson-Winer & Company, insurance agents, in Louisville, represented both the Richmond Insurance Company and the United Firemen's Insurance Company at all the times covered by this litigation. In December, 1922, Gibson-Winer & Co., agents, issued a policy of fire insurance for $1,500.00 in the United Firemen's Insurance Company on the property of appellee, Zettwoch, and delivered it to the insured, who received it and filed it away at his residence. About January 3, 1923, the United Firemen's Insurance Company notified Gibson-Winer, its agents, in Louisville, to cancel the policy, and accordingly on that date Gibson-Winer & Company prepared and issued to Zettwoch another policy of like terms and for the same amount in the appellant, Richmond Insurance Company, which it delivered to the daughter of Zettwoch, with instructions to take it to her father in lieu of the policy in the Firemen's Insurance Company, which the agents were directed to cancel. Following these instructions the daughter of Zettwoch took the policy in the Richmond

Insurance Company to her father and delivered it to him with the message from the agents. The two policies were then placed together and left at the Zettwoch home, Zettwoch agreeing and intending to surrender the policy in the Firemen's Insurance Company and retain the policy in the Richmond Insurance Company. By confusion and mistake the policy in the Richmond Company was returned to Gibson-Winer & Company, agents, and some one in the office, using a rubber stamp, by oversight or mistake, placed the word "cancelled" upon the policy issued by the Richmond Insurance Company, and it was later sent to the head offices in New York, where Gibson-Winer & Company received credit for part of the premiums. The policy in the Firemen's Insurance Company remained in the hands of Zettwoch although it had been cancelled by that company and its agents, neither Zettwoch nor Gibson-Winer & Company observing the mistake. Thus the matter rested until a fire occurred some four months later, destroying the insured property. The agency, Gibson-Winer & Company, understood that the property of Zettwoch was insured and instructed him to call a certain insurance adjuster in the city of Louisville, and to proceed to appraise the loss, which was done. When the mistake in the handling of the contracts of insurance was later discovered the Richmond Company declined to pay, claiming its policy had been cancelled, and the Firemen's Insurance Company declined to pay although its policy was yet in the hands of Zettwoch, on the grounds that the contract had been cancelled both in the head office and in the office of the agency, with the consent of Zettwoch. Thereupon, Zettwoch instituted the two actions which were later consolidated, and from the judgment entered in each this appeal is prosecuted. The chancellor to whom the case was submitted found that the policy in the Fireman's Insurance Company had been cancelled but that the policy in the Richmond Company was in full force and effect at the time of the fire, and gave judgment accordingly. In this finding and judgment we concur. Clearly the Firemen's Insurance Company was not liable, because its policy was cancelled on January 3rd, and Zettwoch consented to the cancellation although by confusion of the two policies, while at the home of Zettwoch and through mutual mistake of himself and the agents of the companies, he retained the policy contract in the Firemen's Insurance Company and

returned the policy in the Richmond Company, when he intended and believed he was returning the policy issued by the Firemen's Insurance Company. Both the Firemen's Insurance Company and its agents on the one side, and Zettwoch on the other, intended to cancel the Firemen's policy and it was, in fact, cancelled on January 3rd. The facts with respect to the Richmond Insurance Company and the issual and delivery of that policy make its liability plain, although by mistake of the parties the rubber stamp bearing the word "cancelled" was placed upon that contract. Gibson-Winer & Company, agents of the Richmond Insurance Company, with full authority to issue the policy in question, did, upon January 3rd, issue a policy of fire insurance upon Zettwoch's property for the sum of $1,500.00 and delivered that policy to Zettwoch, who accepted it and paid the full premium thereon, intending to retain the policy. The insurance company intended for Zettwoch to retain the policy, although both sides acting in good faith, through oversight and mistake, confused the policy contracts and the Richmond policy was returned to Gibson-Winer & Company, and that agency, through oversight and mistake but not intending to do so, stamped on that policy the word "cancelled," and sent it to the home office in New York. Neither the agents of the Richmond Insurance Company nor Zettwoch intended to cancel that contract, but both intended to continue the policy in force. The agency was acting for the insurance company with full authority to do so. Upon the cancellation of that policy there was no meeting of the minds of the contracting parties and there was, therefore, no contract of cancellation of that policy although the word "cancelled" was placed upon the policy contract. It was through mistake and the policy was not, in fact, cancelled. The agents of the Richmond Insurance Company received the full premiums from Zettwoch on the policy and retained it. The confusion and mistake which arose in the office of the agents did not change the real situation but left the contracting parties in the situation in which they intended to be, with the contract of insurance in full force and effect. The chancellor thus viewed the facts and did not err in holding the appellant, Richmond Company, liable upon the policy and dismissed the appellee, United Firemen's Insurance Company.

Judgment affirmed.